UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANET ELLIS

v.                                            CASE NO.  3:05CV 1623 (RNC) (DFM)

SOLOMON AND SOLOMON, P.C.
JULIE S. FARINA                               July 24, 2006
DOUGLAS FISHER

MEMRANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEPOSITION

Plaintiff is concerned about the delay in discovery caused by defendants' resistance to depositions. Plaintiff proposed a new date for the deposition due to counsel's unavailability. Previously in this case, despite the notice dated April 13, 2006, defense counsel (a) had not notified at least one defendant as of a few days before the deposition and (b) did not seek to derail the deposition until the very last minute. He just did it again. Counsel's pattern of derailing depositions is well known to this Court. For instance, in Dragon v. I.C. System, Inc., Civil No. 3:05CV771 (JBA), on December 30, 2005, and January 3, 2006, the parties reported plaintiff's long-unmet need to take a Rule 30(b)(6) deposition she first noticed for October 26, 2005. On January 9, 2006, the court granted an extension of time to complete discovery to March 1, 2006. Cross-depositions were scheduled well in advance for February 21, 2006. Defendant declined to present a witness. Discovery was extended yet again, and the deposition was finally taken. In Martel v. I.C. System, Inc., Civil No. 3:04cv1142 (SRU), plaintiff noticed the deposition of defendant four times before defense counsel made his client available after the parties brought it to the attention of the court. In Sejko v. Nemerovsky, Civil No. 5CV 101 (RNC) (DFM), defense counsel requested cancellation of the deposition with a promise to provide a new date and did not provide one despite repeated request. In Curry v. MS Services, Civil No. 3:04 CV 1143 (RNC)

(DFM), plaintiff noticed the depositions three times. Defense counsel requested cancellation of the depositions with a promise to provide a new date and did not provide one despite repeated request. Not until after a hearing on a Motion to Compel the depositions did defendant agree to a date. In Williams v. Experian, 3:05CV 42 (CFD), defense counsel requested cancellation of the deposition with a promise to provide a new date and did not provide one despite repeated request. In Goins v. JBC & Associates, Civil No. 3:03CV 636 (JBA) (Doc. No. 29) and in other Goins matters, this defense counsel first objected to having the depositions in defendants' office, and later insisted on it. The deposition was held at defendant's office in New Jersey, with no adverse consequences to that collection agency or its operation.

## CONCLUSION

Plaintiff respectfully requests the Court to Order that defendants and their as yet unidentified staff be deposed at their office in Albany NY within three weeks of the Order, and pay for the costs of the deposition. "District courts should not countenance 'purposeful sluggishness' in discovery on the part of parties or attorneys and should be prepared to impose sanctions when they encounter it." Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99 (2d Cir. 2002).

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
       JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

Certificate of Service

I hereby certify that on July 7, 2006, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    ____/s/ Joanne S. Faulkner___
    JOANNE S. FAULKNER ct04137
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772 0395
    j.faulkner@snet.net