UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| JANET ELLIS | CIVIL ACTION NO. 3:05-CV-01623 (RNC) |
| V. | |
| SOLOMON AND SOLOMON, P.C.<br>JULIE S. FARINA<br>DOUGLAS FISHER | AUGUST 1, 2006 |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Plaintiff has sent two notices of deposition in this matter. As to each, the notice was unclear, unilaterally sought to schedule the deposition on the defendants' business premises without consent and sought an unnecessary and unrestricted physical inspection of the defendants' law offices. The second notice purported to schedule the deposition of as many as eleven individuals in violation of the Federal Rules and contrary to counsel's intentions as previously expressed in counsel's Planning Report.

Unable to resolve disputes about the location of the deposition, plaintiff's unwillingness to comply with Federal Rule 30(b)(6) and the proposed inspection of the plaintiff's law offices, defendants moved for a protective order. Without awaiting a resolution of these issues, plaintiff noticed another deposition, purportedly of eleven individuals and again sought to schedule it on

1

defendants' business premises and again reiterated her unwarranted request for inspection of the defendants' law offices. Plaintiffs' insistence on making requests to which defendants had already objected necessitated yet another motion.

Defendants are not attempting to avoid discovery. They are attempting to oppose discovery which is intended to cause unnecessary expense and burden, which proposes to intrude unnecessarily upon their business premises without their consent, which is contrary to the Federal Rules and which is intended to annoy, oppose and/or harass.

The plaintiff's memorandum discusses irrelevant personal characterizations of discovery in other matters, and irrelevant personal attacks on counsel, much of which is a direct product of plaintiff's counsel's unilateral and unreasonable demands and her own lack of cooperation. It is irrelevant and has nothing to do with the instant motion.

## **CONCLUSION**

The plaintiff's Motion to Compel should be denied. To the extent discovery is ordered, it should be subject to reasonable restrictions and limitations as set forth with greater particularity in defendants' Motions for Protective Order, as already on file (Doc. Nos. 20 and 29).

                                            Respectfully submitted,
                                            THE DEFENDANTS,

By: _____
      Jonathan D. Elliot
      Federal Bar No.(ct05762)
      Kleban & Samor, P.C.
      2425 Post Road
      Southport, CT 06490
      (203) 254-8969

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 1st day of August 2006, to:

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, CT 06511

_____
Jonathan D. Elliot

3