## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JANET ELLIS,                              :
    Plaintiff,                        :
                                :     **Case No. 05cv1623 (JBA)**
v.                                        :
                                  :
SOLOMON & SOLOMON, P.C.,                   :
ALTHEA S. DINAN,                          :
Defendants.                               :

## RULING ON PARTIES' OBJECTIONS TO RULING ON PENDING DISCOVERY MOTIONS [DOCS. # 46, 47]

Plaintiff Janet Ellis filed suit against defendants Solomon and Solomon, P.C., Julie S. Farina, and Douglas Fisher pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692c, d, e, f, g.  The parties filed numerous discovery-related motions [Docs. ## 17, 18, 20, 29, 34], which were referred to Magistrate Judge Margolis for disposition.  Before the Court are the parties' objections [Docs. ## 46, 47] to the Ruling on Pending Discovery Motions [Doc. # 44].

## I.   Standard

As to non-dispositive motions, including those relating to discovery, the ruling of the Magistrate Judge may only be set aside by this Court upon timely objection if "found to be clearly erroneous or contrary to law."  D. Conn. L.Mag.R. 72.1(C)(2), 72.2(b).

## II.  Plaintiff's Objections [Doc. # 46]

Plaintiff objects that her Motion to Compel Discovery [Doc.

1

# 17] was denied as moot based on defendants' promises to comply with and/or supplement Interrogatories Nos. 3 and 5 and Production Request No. 9 which defendants have not done.  The alternative formulation for disposition of a motion to compel, where no objection was interposed, but representations of forthcoming compliance, albeit untimely, are made is to grant the motion by agreement.  While the Magistrate Judge did not err in her order, this alternative will be substituted under the circumstances, and the motion to compel [Doc. # 17] is GRANTED.

With respect to the Ruling on defendants' Motions for Protective Order [Docs. ## 20, 29] and plaintiff's Motion to Compel Deposition [Doc. # 34], plaintiff objects "insofar as it mandates that the noticed individual depositions comply with Fed. R. Civ. P. 30(b)(6) which is applicable only to an entity."  The Notice of Deposition which is the subject of defendants' Motion for Protective Order and appended thereto [Doc. # 20] gives notice that "plaintiff will take the deposition of the defendants . . . ".  Since two of the defendants are individuals (Farina and Fisher), it is illogical to construe the Ruling as applying to them, and with this clarification plaintiff's objection is OVERRULED.

## III. Defendants' Objections [Doc. # 47]

Defendants object to the granting of plaintiff's (Second) Motion to Compel Discovery [Doc. # 18] with respect to

2

plaintiff's Production Request No. 5 based on defendants' failure to file a brief in opposition.  Defendants claim that on May 22, 2006, they filed a memorandum opposing this motion, which was delivered to plaintiff but inadvertently not docketed by the Clerk's Office, and also sent to plaintiff a redacted attorney agreement with Citibank that covered Production Request No. 5.

The Magistrate Judge did not err in granting plaintiff's Motion in the absence of timely opposition.  Even if defendants sent their opposition brief to plaintiff, the docket shows no brief in opposition to this motion ever filed, although one was docketed May 23, 2006 in opposition to plaintiff's Motion to Compel [Doc. # 17].  Defendants have provided no NEF verifying their e-filing of this brief on that date.  Defendants' copy of their memorandum bearing the date May 22, 2006, appended to their memorandum filed November 16, 2006 as Exhibit A, provides no documentation of any Clerk's Office inadvertence as opposed to attorney inadvertence.  Even considering the substance of defendants' brief, no reason is shown not to compel production. Defendants' Objection is OVERRULED.


**IV.  Conclusion**

Accordingly, the parties' Objections [Docs. ## 46, 47] are OVERRULED, but the ruling is modified based on subsequent developments.  Plaintiff's Motion [Doc. # 17] with respect to

3

Interrogatories Nos. 3 and 5 and Production Request No. 9 is
GRANTED.

IT IS SO ORDERED.


/s/_____
JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 9th day of November, 2007.**