UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANET ELLIS

v.  CASE NO. 3:05CV 1623 (JBA)

SOLOMON AND SOLOMON, P.C.
JULIE S. FARINA  February 25, 2008
DOUGLAS FISHER

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

Plaintiff sued defendants for violating the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. Defendant Solomon and Solomon, P.C. (S&S) is an Albany NY law firm responsible for hundreds of collection actions filed in Connecticut signed by defendant Farina, who was admitted to practice in Connecticut in 2005. The two documents involved in this motion are a form letter drafted by defendant Fisher for use when defendants are aware that the consumer has requested the creditor to cease communications, and the summons and complaint which followed on the heels thereof, signed by defendant Farina with a recognizance by defendant Fisher.

This Court is well aware of the standards for summary judgment, which plaintiff will not repeat herein. Dragon v I.C. System, Inc., 483 F. Supp. 2d 198, 201 (2007). In an FDCPA action, proof of only one violation is sufficient to support judgment for plaintiff. Bentley v. Great Lakes Collection Bureau, Inc., 6 F.3d 60, 62 (2d Cir. 1993). The standard to determine whether something is deceptive or misleading is whether the "least sophisticated consumer" could have been deceived or misled. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).

Undisputed facts, summarized from plaintiff's Local Rule 56(a)1 Statement and attachments. Plaintiff had a Citibank credit card, which she used for personal purposes. On Friday, May 13, 2005, S&S mailed (bulk rate) an unsigned letter regarding the credit card account from Albany NY to plaintiff in Greenwich CT. Assuming a normal two-day mail delivery from Albany to Greenwich, plaintiff received the letter no earlier than Monday, May 16. On Tuesday May 31, plaintiff was served with a state court summons and complaint regarding the Citibank credit card. The court date (return date) was Tuesday, July 19, 2005.

S&S's internal records show that it received the plaintiff's Citibank account for suit on May 12 with an alert that plaintiff had requested Citibank in writing to cease communications. S&S sent the letter at issue here because of this alert.

By May 19, a draft summons and complaint had been prepared for defendant Farina's signature. By May 23, defendant Farina had signed the summons and complaint, and recognized defendant Fisher to prosecute. The summons and complaint then was forwarded to a Connecticut marshal for service. Farina and Fisher are attorneys who are employees of S&S.

S&S sent plaintiff the letter at issue, drafted and approved by defendant Fisher, which itself recognized that she did not want it. The subject letter included the 30-day validation notice, but only two weeks later, defendants effectively withdrew the thirty days by serving a summons and complaint – a threatening contradiction if there ever was one. Even though the return date was some six weeks after service of process, the complaint did not include the validation notice or any reminder that the dispute period was still open.

I.  THE FDCPA APPLIES

Plaintiff meets the essential three requirements to establish an FDCPA violation: (1) the plaintiff is the consumer who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the "debt" is a "debt collector" as defined, and (3) the defendant has engaged in any act or omission in violation of the prohibitions or requirements of the law.  Kolker v. Duke City Collection Agency, 750 F. Supp. 468, 469 (D.N.M. 1990); Riveria v. MAB Collections, Inc., 682 F. Supp. 174, 175-76 (W.D.N.Y. 1988); Withers v. Eveland, 988 F. Supp. 942, 945 (E.D. Va. 1997); Whatley v. Universal Collection Bureau, Inc., 525 F. Supp. 1204, 1206 (N.D. Ga. 1981).

A.    EACH DEFENDANT IS A DEBT COLLECTOR

A "debt collector" is "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15  U.S.C. § 1692a(6).  S&S is admittedly a debt collector. While employees of *creditors* are specifically exempted from the FDCPA [15  U.S.C. § 1602a(6)(A)], employees of debt collectors who participate in the collection are personally responsible for their violations. Musso v. Seiders, 194 F.R.D. 43, 46-47 (D. Conn. 1999). The individual defendants are employees of a debt collector and participated in the collection. Both Fisher and Farina appear on the summons; Fisher is responsible for FDCPA compliance and training at S&S, and drafted

the form letter at issue in this case. [The Third Affirmative defense (lack of personal jurisdiction over the individual defendants) is based solely on the fact that the individual defendants are employees, and is thus meritless. Doc. No. 6; Response to Interrogatories 8, 9 appended to Local Rule 56(a)1 Statement.]

B.     PLAINTIFF IS A CONSUMER

A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). A "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Plaintiff's account was a consumer account.

C. SUMMARY OF VIOLATIONS

Defendants overshadowed and detracted from the thirty day validation right by abrupt and unexplained service of a summons and complaint well before the thirty days expired. In accordance with established Second Circuit jurisprudence, such action within the statutory thirty-day validation period must be accompanied by an adequate explanation of the consumer's continuing right to dispute the debt or other suitable "transitional language" that is absent here.

Defendants S&S and Fisher communicated with plaintiff illegally, since they knew she did not want such communications. Defendants' letter was an illegal act; since the creditor could not communicate, neither could defendants as its agent. In addition, the letter contained the false and deceptive statement that defendants were obliged to send the letter to plaintiff in accordance to federal law, when in fact federal law

compelled no such thing in this case.

Finally, defendants provided a false recognizance in the summons to facilitate the collection.

## II. DEFENDANTS DID NOT EFFECTIVELY CONVEY THE 30 DAY DISPUTE RIGHT.

One of the bedrock principles of the FDCPA is that a debt collector must effectively convey that the consumer has a right to dispute the account for 30 days after she receives the initial communication. Macarz v. Transworld Systems, Inc., 26 F. Supp. 2d 368, 371 (D. Conn. 1998). A debt collector violates the FDCPA if it sends the debtor a collection letter that "overshadows or contradicts" or, in some cases, creates confusion as to the consumer's right to dispute the debt. DeSantis v. Computer Credit Inc., 269 F.3d 159, 161 (2d Cir. 2001) ("[e]ven if a debt collector conveys the required information, the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty"). Section 1692g(b) codifies and summarizes this principle: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." The Second Circuit is emphatic about affording the consumer this dispute right without interference. Jacobson v. Healthcare Financial Services, Inc., __ F.3d __, ____, 2008 WL 383060, *3, 2008 U.S. App. LEXIS 3144 (2d Cir. Feb. 14, 2008) .

Plaintiff does not contend that a debt collector has to stop collection efforts within the thirty day period. However, when the least sophisticated consumer is served with a summons and complaint only two weeks after the dispute period begins, she

would understandably perceive from such drastic action that the dispute period is over. "In cases where debt collectors send debtors a validation notice either along with a summons and complaint or shortly thereafter, we recognize the risk that some debtors will become confused." Goldman v. Cohen, 445 F.3d 152, 157 (2d Cir. 2006). At n.6, the Goldman court said,

> As the Seventh Circuit observed, "[a] debt collector need not make the summons and complaint its first communication with the debtor; rather, it can have its initial communication with the debtor **upwards of** 30 days before it intends to initiate litigation." Thomas [*Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914 (7th Cir. 2004), 392 F.3d at 919. One advantage to this approach is that a debtor's decision to contest a particular debt--which must occur within 30 days of the debtor's receipt of the validation notice, see 15 U.S.C. § 1692g(b)--would not interfere with any pending litigation.

Defendants could have waited the 30 days after sending the letter containing the 30-day dispute notice before sending out the complaint; or they could have included the 30 day notice in the complaint rather than sending the letter (there was a six week time lag after service and before the return day); or they could have included a reminder (either in the letter or in the lawsuit) that the 30 day period was still running, as the Second Circuit recommended in Goldman, 445 F.3d at 157.   See also Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998) wherein the court formulated "transitional language" for a different 30-day notice situation.

> As Judge Hall recently observed:
>
> Reiner's failure to state plainly a consumer's rights under 15 U.S.C. § 1692g(a)(5) is particularly objectionable considering that the Second Circuit has given specific guidance to debt collectors on how to avoid liability on this issue. See Savino, 164 F.3d at 86 (providing two sample paragraphs that debt collectors may use to "effectively inform a consumer as to his or her rights under the FDCPA without imposing an undue burden on a debt collector's legitimate efforts to obtain prompt payment of debts").

Register v. Reiner, Reiner & Bendett, PC, 488 F. Supp. 2d 143, 148 (D. Conn. 2007). The Second Circuit long ago observed that an attorney "can readily conform the notice to the requirements of the FDCPA without violating any provisions of [state procedural requirements]." Romea v. Heiberger & Assocs., 163 F.3d 111, 118 (2d Cir. 1998). Plainly defendants could have had procedures -- complying with long-standing Second Circuit standards -- which were reasonably adapted to avoid obscuring or truncating the least sophisticated consumer's dispute rights. They did not. Their liability for failure to adequately convey the 30 day dispute right, by effectively retracting it when they served the summons and complaint, is pellucid. Defendants violated not only §1692g, but also §1692e, -e(5) or (10) (deceptive practices) and §1692f (unfair means). Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) (violation of 1692g also violates §1692e).

III.  THE LETTER WAS DECEPTIVE OR ILLEGAL

"At the outset, it should be emphasized that the use of *any* false, deceptive, or misleading representation in a collection letter violates § 1692e -- regardless of whether the representation in question violates a particular subsection of that provision." Clomon, 988 F.2d at 1320. Defendants' form letter (Dep. Ex. 4) began, "The above named creditor has referred this account to our office for collection with a notation that all communications cease and desist. Under Federal Law, however, we must provide you with certain disclosures." The letter then provides the standard disclosures required by the FDCPA, 15 U.S.C. §§ 1692e(11) and 1692g.

A. The letter was deceptive because it asserted that federal law required communication of the FDCPA notices in a letter before suit. The FDCPA contains no such requirement. "Simply stated, no provision contained in the FDCPA imposes upon

a debt collector the obligation of providing such notices to a debtor prior to filing suit." Sprouse v. City Credits Co., 126 F. Supp. 2d 1083, 1089 (W.D. Oh. 2000).[1]

Undoubtedly, the notices must be given, but if the suit is the first communication, the notices might better have been provided in the lawsuit itself. Goldman v. Cohen, 445 F.3d 152 (2d Cir. 2006). Doing so would have avoided the confusion or overshadowing that the defendants' timing foisted on the least sophisticated consumer.

In violation of §1692e or –e(9), (10), Defendants merely used the fanciful assertion that federal law required them to send the letter as a pretext to contact the consumer when it knew she did not want such contact.

B. Because S&S's letter, drafted by defendant Fisher, admitted knowing that the consumer had sent a "cease and desist" notice to the creditor, defendants also knew that the letter was unwanted. It was <u>illegal</u> under either or both of two sections of the FDCPA. Defendants virtually thumbed their noses at plaintiff by sending the letter when it could and should have proceeded directly to suit. Section 1692c(a)(1) prevents communication "at a time or place known or which should be known to be inconvenient to the consumer." Defendants' letter admitted they knew that their communication was inconvenient since she had sent a cease letter to the creditor. Section 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" including actions with "intent to annoy." §1692d(5).

---

[1] Counsel thanks defendant Fisher for calling this case to her attention.

C. Defendants' letter was <u>illegal</u> because they were acting on behalf of a creditor that itself was prohibited from sending any such letter. 15 U.S.C. § 1692e(5). Regulations under Connecticut's Creditor's Collection Practice Act preclude communications known to be inconvenient. "[T]he acts of an attorney are imputed to a client when they are performed in the furtherance of the business for which the attorney has been retained." <u>Allen v. Nissley,</u> 184 Conn. 539, 542-43, 440 A.2d 231 (1981). Defendants legally could not send the letter since that act was prohibited to their client.[2] The FDCPA prohibits collection practices that violate other state or federal laws. <u>Gaetano v. Payco</u>, 774 F. Supp. 1404, 1414-15 (D. Conn. 1990).

IV. DEFENDANTS FALSIFIED THE RECOGNIZANCE

Connecticut requires that each summons include a bond for prosecution "with a financially responsible inhabitant of this state as surety. " Conn. Gen. Stat. § 52-185. Douglas Fisher was recognized to prosecute by defendant Farina. Dep. Ex. 5. Fisher was not and is not a Connecticut resident, as defendants know. However, the summons gives his address as 57 north, 210-211, Danbury 06810. That address is not a residence; it is the location of an office of an unrelated attorney that S&S could use for the purpose of satisfying D. Conn. Local Civ. 83.1(c).

---

[2] Sec. 36a-647-4.  Communications

   (a) **Communication with the consumer debtor or consumer debtor agent generally.** Without the prior consent of the consumer debtor or consumer debtor agent given directly to the creditor or the express permission of a court of competent jurisdiction, a creditor shall not communicate with a consumer debtor or consumer debtor agent in connection with the collection of any debt:
      (1) At any unusual time or place or a time or place known or that should be known to be inconvenient or embarrassing to the consumer debtor or consumer debtor agent.

The attorneys' deception to enable defendants to file lawsuits in Connecticut violated 15 U.S.C. § 1692e(5), (9), or (10) and should not be condoned or tolerated. <u>Bentley v. Great Lakes Collection Bureau, Inc.</u>, 6 F.3d 60, 63 (2d Cir. 1993) (there are no nonactionable violations); <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F. 3d 1232 (5th Cir. 1997) (same).

V. DEFENDANTS HAVE NO BONA FIDE ERROR DEFENSE

As the Second Circuit said in <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30 (2d Cir. 1996), "Once it is shown that defendant sent the February and March notices and that they failed to fulfill the requirements of the Act, strict liability is imposed. See *Bentley*, 6 F.3d at 63." <u>Russell</u>, 74 F.3d at 36

In their affirmative defenses, Defendants included one conclusory sentence setting forth the bona fide error defense, without any facts addressing the specific violations set forth in the complaint. "Any violation, which defendants deny, was unintentional, resulting from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error." Doc. No. 6. However, the text of the letter was intentionally adopted by S&S at the behest of Attorney Fisher, responsible for its FDCPA training and compliance. Likewise defendants intentionally decided not to include one of the two requisite notices in the complaint, and instead chose to include it in a preliminary notice. S&S had no timing requirements that would have prevented the suit from being served within 30 days of the receipt of the letter. Defendants did not follow the Second Circuit's recommendation to insert transitional or explanatory language to avoid confusion about the 30-day dispute period.

As this Court noted elsewhere, the defendants' intentional procedures invited the very errors that occurred herein. Dragon, 483 F. Supp. 2d at 206; Goins v. JBC & Associates, P.C., 352 F. Supp. 2d 262, 274 (2005) ("Indeed, defendants make no claim that the content of the letter was a bona fide error").

VI. STATUTORY DAMAGES ARE IN ORDER

15 U.S.C. § 1692k(a)(2)(A) provides for "additional statutory damages" of up to $1,000. The provision, enacted in 1977, is unchanged to account for inflation, so that the current dollar equivalent of a $1,000 award is some $300. For many years, courts in this district have routinely awarded the maximum $1,000. Clomon v. Jackson, 988 F.2d 1314, 1323 (2d Cir. 1993); Adams v A & S Collection Associates, Inc. Civil No. 3:07CV 347 (JBA) (D. Conn. Sept. 4, 2007); Krueger v. Ellis, Crosby and Assocs, Inc., 2006 WL 3791402 (D. Conn. Nov. 9, 2006); Dowin v. Goldman, Civil No. 3:94CV1394 (PCD) Doc. No. 8 ($3,000); Herbert v. Monterey Financial Services, Inc., Civil No. 3:93CV523 (AHN) Doc. No. 31; Austin v. Great Lakes Collection Bureau, Inc., Civil No. 3:92CV263 (RNC) (HBF) Doc. No. 60; Kimberly v. Great Lakes Collection Bureau, Inc., Civil No. 3:91CV220 (HBF) (Doc. Nos. 49, 79); Cacace v. Lucas, 775 F. Supp. 502, 507 (D. Conn. 1990); Kizer v. American Credit & Collections, Civil No. B-90-78 (TFGD) Doc. No. 78 (endorsement); Woolfolk v Rubin, 1990 U.S. Dist. LEXIS 20964 *3 (D. Conn. Feb. 2, 1990)

Elsewhere, the $1,000 is routinely awarded. E.g., Edwards v. National Business Factors, Inc., 897 F. Supp. 455, 458 (D. Nev. 1995) ($1,000 for §1692g violation); Tolentino v. Friedman, 46 F.3d 645, 649 (7th Cir. 1995) (§1692e(11) notice); Chauncey v. JDR Recovery Corp., 118 F.3d 516 (1997) (short truncation of 30-day

notice); <u>Withers v. Eveland</u>, 988 F. Supp. 942, 948 (E.D. Va. 1997) (overshadowing); <u>Riveria v. MAB Collections, Inc.</u>, 682 F. Supp. 174 (W.D.N.Y. 1988).

CONCLUSION

Summary judgment should enter for plaintiff in the amount of $1,000 with fees and costs upon application.

THE PLAINTIFF


BY_____/s/ Joanne S. Faulkner____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

Certificate of Service

I hereby certify that on February 25, 2008, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____/s/ Joanne S. Faulkner____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772 0395
j.faulkner@snet.net

Case 3:05-cv-01623-JBA   Document 56-1   Filed 02/25/08   Page 13 of 13