UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Janet Ellis,<br>    *Plaintiff,*<br><br>        *v.*<br><br>Solomon & Solomon, P.C., Julie S. Farina, and<br>Douglas Fisher,<br>    *Defendants.* | Civil No. 3:05cv1623 (JBA)<br><br><br><br>February 23, 2009 |

**RULING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [Doc. # 62], DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT [Doc. # 70], and PLAINTIFF'S MOTION TO DENY, OR ALTERNATIVELY TO DELAY RULING ON, DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT [Doc. # 82]**

Plaintiff Janet Ellis alleges that Solomon & Solomon, P.C. ("Solomon"), a New York and Connecticut law firm, and two of its attorneys, Julie S. Farina[1] and Douglas Fisher, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA" or "Act")[2] by sending her a debt collection letter knowing of her earlier request for no communications regarding her debt, by filing suit against her during the statutory validation period, thereby "overshadowing" the preexisting notice of her right to dispute her debt, and by listing an ineligible person in the recognizance section of the civil summons related to that suit. After

---

[1] Defendant Farina has since changed her last name to Solomon. ([Farina] Dep., Ex. 7 to Pl.'s 56(a)1 Stmt. [Doc. # 62-2], at 26:18–24.) Consistent with the parties, the Court will refer to Defendant Farina by her former last name throughout its Ruling.

[2] Unless otherwise specified, all statutes cited in this Ruling are located within Title 15 of the United States Code.

discovery concluded, Plaintiff moved for partial summary judgment [Doc. # 62] and Defendants cross-moved for summary judgment [Doc. # 70] as to all claims. Plaintiff moved [Doc. # 82] to deny Defendants' cross-motion pending resolution of her summary judgment motion or, alternatively, for an extension of time to respond to Defendants' cross-motion. For the reasons that follow, summary judgment is granted to Plaintiff on her overshadowing claim, Defendants' cross-motion for summary judgment on that claim is denied and denied as moot otherwise, and Plaintiff's motion to deny or for an extension of time is denied as moot.

I.      **Factual Background**

The following facts are not in dispute. Citibank (South Dakota), N.A. ("Citibank") issued a credit card to Ms. Ellis, which she used for personal purposes. (Fisher Aff. [Doc. # 69] at ¶ 4; Ellis Aff., Ex. 1 to Pl.'s 56(a)1 Stmt. [Doc. # 62-2], at ¶ 3.) By May 12, 2005 Ms. Ellis had accrued a balance on this credit card of $17,809.13, at which point Citibank ceased communications with her (Reece Aff. [Doc. # 77] ¶¶ 8–9 & Ex. 1) and transferred her account "to Solomon with authorization to sue" (*id.* ¶ 8). On May 13, 2005, Solomon, a debt-collector within the meaning of the FDCPA,[3] sent Ms. Ellis a letter on law firm

---

[3] Solomon has admitted that its "principal business in Connecticut is the collection of individual accounts owed to Citibank and other creditors, using the instrumentalities of interstate commerce, including telephone and mail services." (Defs.' Response to Pl.'s Req. For Admission, Ex. 6 to Pl.'s 56(a)1 Stmt., at # 6.) *Cf.* § 1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts[.]").

letterhead listing Solomon's name, address, and a "toll free" number, which read as follows:

> RE: OUR FILE NO. 16845563    ACCT NO.   [XXXXXXXXXXX]
> CITIBANK (SOUTH DAKOTA) N.A.
> Amount due as of 05/13/2005:  $17809.13
>
> Dear Sir/Madam:
>
>   The above named creditor has referred this account to our office for collection with a notation that all communications cease and desist. Under Federal Law, however, we must provide you with certain disclosures.
>
>   This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector. Calls are randomly monitored to ensure quality service.
>
> VALIDATION NOTICE
>   Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the thirty (30) day period that the debt, or any portion thereof is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification will be mailed to you by this office. Upon your written request within the thirty (30) day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> Very truly yours,
>
> SOLOMON AND SOLOMON, P.C.

(Ex. 4 to Pl.'s Rule 56(a)1 Stmt. [Doc. # 62-2] & Ex. B to Fisher Aff. [Doc. # 78] ("May 13th Letter").) This letter was Defendants' initial communication with Plaintiff. (*See* Ellis Dep., Ex. A to Defs.' Cross-Mot. Summ. J. [Doc. # 70], at 52:12–18.) Ms. Ellis never notified Solomon by any means of any dispute about the debt sought to be collected. (*See id.* at 57:22–24.) Through two of its attorneys, Defendants Fisher and Farina, Solomon thereafter prepared a complaint to be filed as a collection action against Ms. Ellis in Connecticut

Superior Court (Stamford-Norwalk Judicial District), and prepared a summons on May 23, 2005 to be served along with the complaint on Ms. Ellis. The "recognizance" listed Defendant Fisher as a "person recognized to prosecute in the amount of $250." *See* Conn. Gen. Stat. § 52-185. (*See also* Ex. 5 to Pl.'s Rule 56(a)1 Stmt. & Fisher Aff. Ex. D ("Summons & Complaint"); Fisher Aff. ¶ 26.) A State Marshal served Ms. Ellis in-hand with a summons and a copy of the complaint on May 31, 2005. (*See* Ex. 1 to Pl.'s Rule 56(a)1 Stmt. (Ellis Aff.) at ¶ 3; Fisher Aff. Ex. D.) The summons indicated a "Return Date" of July 19, 2005. (*See* Summons & Complaint.) In connection with service of process, Defendants provided Plaintiff with no communication referencing or related to the 30-day dispute period that Defendants had outlined in the "VALIDATION NOTICE" section of the May 13th Letter. (*See id.*)

**II.    Standards**

    *A.    Summary Judgment*

Summary judgment is appropriate where the record after discovery "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is "material" if it "might affect the outcome of the suit under the governing law," and is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" based on it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The moving party bears the burden of showing that he or she is entitled to summary judgment." *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The Court "construe[s] the evidence in the light most favorable to the non-moving party . . . draw all reasonable inferences in its favor." *Id.* (quotation omitted, second alteration in original). If the record as a whole, viewed in the light most favorable to the non-moving

party, "could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment should follow. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quotation marks omitted). In sum, "summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) (quotation omitted).

### B. FDCPA Principles: Validation Notices, Validation Periods, and the Least Sophisticated Consumer Standard

Under the FDCPA, a debt-collector must send any consumer whose debt it seeks to collect "a written notice containing" five disclosures:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

§ 1692g(a). Together, these disclosures constitute the "validation notice." The thirty-day period specified in § 1692g(a)(3)–(5) is the "validation period."

The FDCPA bars debt-collectors from engaging in a variety of abusive practices while

attempting to collect a debt,[4] and requires any communication made by a debt-collector during the validation period not to "overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." § 1692g(b); *see also Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 90–91 (2d Cir. 2008) (overshadowing communications violate § 1692g(a)).

"When determining whether [the FDCPA] has been violated, an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector, is applied." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) (applying least sophisticated consumer standard to § 1692g); *see also Clomon*, 988 F.2d at 1318–20. The least sophisticated consumer standard is designed to serve a "dual purpose: it (1) ensures the protection of all consumers, even the naive and the trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon*, 988 F.2d at 1320.

The Second Circuit has explained that the FDCPA prohibits the debt-collector from communicating with a consumer in a way that "conveys [the validation notice] in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

---

[4] Among other things, the FDCPA prohibits debt-collectors from communicating with consumers "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer," § 1692c(a)(1); communicating with consumers regarding most issues "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer," § 1692c(c); engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," § 1692d; "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt,"§ 1692e; and "us[ing] unfair or unconscionable means to collect or attempt to collect any debt," § 1692f.

Thus, a debt-collector violates the Act if its communication is 'reasonably susceptible to an inaccurate reading' of the required message." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (quoting *Russell*, 74 F.3d at 35 and citing *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998)). This requirement both protects consumers and imposes an obligation on debt-collectors to ensure the continued clarity of a consumer's validation period:

> A notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights. It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer—Congress intended that such notice be clearly conveyed.

*Russell*, 74 F.3d at 35; *see also Savino*, 164 F.3d at 85 ("A debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and *thereby* makes the least sophisticated consumer uncertain as to her rights.") (emphasis added); *Jacobson*, 516 F.3d at 90 (under the FDCPA, a debt-collector "has the obligation, not just to convey the information, but to convey it clearly").

The sending of validation notices and subsequent notices or letters by a debt-collector to a consumer are not the only actions that could cause a consumer to be uncertain as to her rights in violation of the Act. Indeed, Congress's 2006 amendments to the FDCPA expressly include "collection activities" within the types of activities that violate the Act if they overshadow the validation period:

> [While] *[c]ollection activities* and communications that do not otherwise violate this title may continue during the 30-day period[,] . . . [a]ny *collection activities* and communication during the 30-day period may not overshadow

>or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

§ 1692g(b) (as amended by the Financial Services Regulatory Relief Act of 2006, Pub. L. 109-351 § 802(c) (Oct. 13, 2006)) (emphases added); *see also Jacobson*, 516 F.3d at 90–91 (observing that 2006 amendments "codified our approach" of holding that § 1692g is violated by overshadowing communications). A debt-collector's collection lawsuit, including service of such suit on the consumer, is undoubtedly "collection activit[y]." *Cf. Jacobson*, 516 F.3d at 89 & n.4 (clarifying that "collection activity" and "demand[s for] immediate payment" are separate actions by noting that "in the absence of a dispute notice, the debt collector is allowed to demand immediate payment *and* to continue collection activity"; and stating that the debt-collector's right to engage in collection activity during the validation period "has now been made explicit in the statutory text by the 2006 Amendments to the FDCPA") (emphasis added).

The Second Circuit has also observed that when a debt-collector serves a consumer with a summons and complaint simultaneously with or shortly after it provides a validation notice to that consumer, there is a "risk that some debtors will become confused" as to the continued vitality of their validation period and that "[t]o avoid such confusion, it is *imperative* that a debt collector" clarify that court deadlines are distinct and separate from the validation period under the FDCPA. *Goldman v. Cohen*, 445 F.3d 152, 157 (2d Cir. 2006) (citing *Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914, 919–20 (7th Cir. 2004)) (emphasis added).[5]

---

[5] While the main holding of *Goldman*—that service of process constitutes an "initial communication" for purposes of the FDCPA, *see* 445 F.3d at 155 & 157—was overruled by statutory amendment, *see* § 1692g(d) (added by Pub. L. 109-351 § 802(a)), the Circuit's

**III.    Discussion**

While Plaintiff asserts that Defendants violated the FDCPA in a number of ways,[6] the Court addresses her claim that Defendants "overshadow[ed] or contradict[ed] the validation notice" by filing suit against her within the validation period and without any explanation of the suit's relationship to the notice that Defendants provided to Plaintiff 18 days earlier. (Am. Compl. ¶ 9.) Given the FDCPA's regulation of "collection activities" by debt-collectors and communications between them and consumers, and the undisputed fact that service of process on Plaintiff was at Defendants' direction, and that the complaint served on Plaintiff was collection activity addressed to the debt at issue in the May 13th Letter, it is clear that the FDCPA's prohibition on engaging in collection activities or sending communications that overshadow a consumer's validation period applied to Defendants' service of their lawsuit on Plaintiff. If service of that lawsuit would make the least sophisticated consumer uncertain as to the timing or existence of FDCPA rights described in the validation notice, then such service violates § 1692g. *See* § 1692g(b); *Russell*, 74 F.3d

---

observation that service of process could confuse a consumer is undisturbed, especially in light of Congress's simultaneous addition of an express requirement that no "collection activit[y] . . . overshadow or be inconsistent with" the validation notice and validation period.

[6] In addition to claiming that Defendants overshadowed her validation notice, Plaintiff claims that Solomon violated the Act because it "communicated with [her] at a time and place known to be inconvenient" (Am. Compl. [Doc. # 63] ¶ 6; *see also* Pl.'s Mem. Supp. Summ. J. [Doc. # 56-1, incorporated by reference by Doc. # 62-1] at 4) and because it "misrepresented that [Solomon] was required to send" the May 13th Letter under federal law even though federal law "compelled no such thing in this case" (Am. Compl. ¶ 7; Pl.'s Mem. Supp. Summ. J. at 4). She also claims that Defendants communicated with her despite knowing that "she did not want such communications" (Pl.'s Mem. Supp. Summ. J. at 4) and "provided a false recognizance in the summons to facilitate collection" (*id.*).

at 35; *Jacobson*, 516 F.3d at 90.

Defendants are correct that debt-collectors are not prohibited from initiating legal action against consumers during the 30-day validation period. However, debt-collectors are required to ensure that such debt collection legal action does not overshadow the message in the validation notice they gave to consumers where the validation period is still in effect. Without some explanation to the consumer of the relationship between suit and provisions in the notice, it may well appear to the least sophisticated consumer that being taken to court trumps any other out-of-court rights she had. Here, Defendants took no steps to communicate to or clarify for Plaintiff that the summons and complaint with which she was served on May 31st did not shorten or terminate her 30-day validation period, which ended June 12, 2005, or otherwise alter Defendants' obligation to validate her debt upon her dispute of such debt.[7] Faced with service of a summons and a civil complaint to be filed in court seeking repayment of a consumer debt, a consumer could reasonably be confused

---

[7] This fact alone renders inapposite the case on which Defendants rely for the proposition that filing of a suit does not overshadow a validation notice. (*See* Defs.' Mem. at 15.) In *Hall v. Leone Halpin & Konopinski, LLP*, the Northern District of Illinois held that where a debt-collector law firm filed a complaint and attached to it a validation notice, and such complaint, together with its attachments, was served along with a summons on a consumer, the complaint and summons did not overshadow the validation notice whose 30-day dispute period commenced upon service. *Hall*, No. 3:06-CV-343 RM, 2008 WL 608609, *4 (N.D. Ill. Feb. 28, 2008). Moreover, *Weinstein v. Fink*, which *Hall* quotes for the proposition that "no court has held that the actual filing of a suit overshadows or contradicts the validation notice," *id.* (quoting *Weinstein*, No. 99 C 7222, 2001 WL 185194, *8 (N.D. Ill. Feb. 26, 2001)), predates Congressional amendment of § 1692g(b) to prohibit *any* "collection activities and communication" from overshadowing the validation notice. *Weinstein* also predates cases in both the Seventh and Second Circuits which have expressly identified the "risk" that service of a lawsuit could confuse a consumer as to the vitality of her dispute right and thus overshadow a validation notice. *Goldman*, 445 F.3d at 157; *Thomas*, 392 F.3d at 919–20.

about whether her opportunity to contest the debt whose collection is sought in the complaint was now limited to defending the lawsuit against her. The "Return Date" appearing on the summons is undefined and even though it post-dates the conclusion of the validation period, its significance would not be readily apparent to the least sophisticated consumer who only knows she is being sued. Even if a consumer determines that she was not obligated to respond in court until the "return date" which is after the validation period ends, that understanding does not dispel doubt or uncertainty about whether she still retains the right to dispute the debt as described in the validation notice, or whether the lawsuit signaled her loss of that opportunity or method of disputing or obtaining verification. Thus, in a case such as this, where Plaintiff is served with a summons and complaint in a collection action against her by a debt-collector within the 30-day validation period but no accompanying communication is given to the consumer assuring her that the validation period and rights remain in force and are not affected by service of the lawsuit, the earlier notice of the consumer's rights is overshadowed. Having filed suit against Ms. Ellis without any clarifying communication that her dispute right continued notwithstanding the pendency of the suit, Defendants violated the FDCPA,[8] and summary judgment is granted to Plaintiff on this ground.

A single violation of any of these provisions "is sufficient to establish civil liability under the FDCPA." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993); § 1692k

---

[8] Because this is the manner in which Defendants violated the Act, the fact that Ms. Ellis never disputed the debt with Solomon within the validation period is immaterial. Indeed, the very purpose of the FDCPA's prohibition on overshadowing is to protect consumers *who have not disputed their debt* by ensuring that these consumers understand that their dispute right continues to exist throughout the validation period, notwithstanding other communications or collection actions taken by the debt-collector.

(imposing civil liability on "*any* debt collector who fails to comply with *any* provision of this subchapter with respect to *any* person") (emphases added). As Plaintiff explained in her Motion for Partial Summary Judgment, since she "needs only one violation to prevail," she will withdraw all other grounds if one of her grounds prevails. (Pl.'s Mot. Part. Summ. J. [Doc. # 62] at 1.) At oral argument Plaintiff's counsel reiterated her position that upon the grant of summary judgment in her favor as to any claim, her remaining claims would be moot. Therefore, Defendants' Cross-Motion for Summary Judgment [Doc. # 70] is denied as to the claim of overshadowing and denied as moot as to the remaining claims, and Plaintiff's Motion to Deny or Delay Ruling [Doc. # 82] is denied as moot.

## IV.    Damages

Under § 1692k, Defendants are liable to Plaintiff for "any actual damage," "additional damages" of up to $1,000, and "the costs of the action, together with a reasonable attorney's fee as determined by the court." § 1692k(a)(1)–(3). Plaintiff explains that "[s]he seeks only statutory damages of $1,000." (Pl.'s Mot. Part. Summ. J. [Doc. # 62] at 1.) In determining whether to award the maximum $1,000, the Court must consider "the frequency and persistence of non-compliance by the debt-collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k(b)(1). It may also consider other factors. *Id.*

While there is no evidence that Defendants specifically intended to violate the FDCPA, Defendants Fisher and Farina testified that there is nothing "untypical" about the short duration of time between Defendants' initial communication with Ms. Ellis and their filing of suit against her because such duration "doesn't matter" ([Farina] Dep., Ex. 7 to Pl.'s 56(a)1 Stmt., at 43:22–45:3), that Defendants intended to file suit against Ms. Ellis within the

12

validation period (*id.*), and that Defendants intentionally decline to attach any validation notice to a complaint that will be served on a consumer whose debts they seek to collect even though they are aware of the Second Circuit's view in *Goldman* that it is "imperative" that a validation notice or some other notice be attached to the complaint or sent to the consumer soon afterwards (Fisher Dep., Ex. 8 to Pl.'s 56(a)1 Stmt., at 53:4–8 & 54:11–22). On the basis of this testimony, the Court concludes sufficient frequency and persistence of conduct exist such that the maximum statutory damages of $1,000 should be awarded.

In addition, Ms. Ellis is entitled to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court" under § 1692k(a)(3). In accordance with Federal Rule of Civil Procedure 54(d), Plaintiff's claim for attorney's fees, expenses, and costs shall be filed 14 days after entry of Judgment.

## V.     Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment [Doc. # 62] is GRANTED as to the overshadowing claim; Defendants' Cross-Motion for Summary Judgment [Doc. # 70] is DENIED as to the overshadowing claim and DENIED AS MOOT as to the remaining claims; and Plaintiff's Motion to Deny, or Alternatively to Delay Ruling on, Defendants' Cross-Motion for Summary Judgment [Doc. # 82] is DENIED AS MOOT. Judgment in the amount of $1,000 shall enter in favor of Plaintiff.  Plaintiff shall submit documentation in support of her claim for attorney's fees, expenses and costs no later than 14 days after entry of Judgment, which will be amended to reflect the Court's award.  The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 23d day of February, 2009.