UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JANET ELLIS

v.                              CASE NO.  3:05CV 1623 (JBA)

SOLOMON AND SOLOMON, P.C.
JULIE S. FARINA
DOUGLAS FISHER                  April 17, 2009

## REPLY IN SUPPORT OF PLAINTIFF'S FEE APPLICATION

Plaintiff was awarded everything she requested: the full statutory recovery of $1,000. She was 100% successful. As shown in the time records, she offered to settle for $1,000 plus fees and costs many times over the years. Defendants' intransigence increased only the fees.

Solomon wrote plaintiff an initial letter containing the disclosure of rights required by the FDCPA – but then overshadowed those rights by serving state court process. Doc. No. 92.  The record shows defendants expended considerable effort avoiding their depositions. The record contradicts defendants' parenthetical assertions that plaintiff abandoned claims or raised unsupportable claims (Def. Mem. at 1):

1.  "Defendant Solomon & Solomon communicated with plaintiff at a time and place known to be inconvenient, using a form letter prepared and put into use by defendant Fisher." (There was no allegation that it was at her home, contrary to defendants' parenthetical; in fact it was at her employers' home.) The issue was fully briefed but the Court did not need to decide it. Since plaintiff can recover with only

one violation, other claims become moot. <u>Bentley v. Great Lakes Collection Bureau, Inc.</u>, 6 F.3d 60, 62 (2d Cir. 1993) (one violation).

2. Defendants Fisher and Solomon & Solomon misrepresented that Solomon & Solomon was required to send its letter of 5/13/2005 in order to provide certain disclosures. (Defendant's assertion that the claim mischaracterizes the letter is in the eyes of the beholder. The letter's plain language, and Plaintiff's briefing, disagreed with defendants' perception.) Again, this was fully briefed but became moot once another violation was found.

3. Defendants issued their form state court complaint only ten days after the date of the letter, thereby overshadowing or contradicting the validation notice. Plaintiff prevailed.

4. Meaningful involvement of attorney. Contrary to defendants' assertion, Plaintiff responded (Doc. No. 85) albeit briefly so as not to run up fees on a jury question. The issue is alive if the case is reversed.

5. No evidence of the account before demand. This allegation is objectively true as shown by defendants' account records. The defendants' abandonment of the state court proceeding attenuated this claim so it was not briefed.

6-8. Lack of documentation, contract cause of action, monthly statements (the claims were true and valid, but became moot when defendants abandoned the state court proceeding). Plaintiff withdrew these claims as moot. Doc. No. 63.

Discovery was necessary because defendants asserted a bona fide error defense (ultimately abandoned); discovery turned out to be crucial on the damages issue, and to identifying an unsuspected violation (Fisher's implied misrepresentation in the state court recognizance). The conflicting statements of material facts showed that as to issues briefed, some facts were in dispute.

Plaintiff succeeded on an issue based on Second Circuit authority that defendants chose to ignore when they decided to mount a vigorous defense. Now they do not want to pay, despite their choice to burden the Court and the plaintiff rather than recognize the risk that Second Circuit authority would be conclusive.

Degree of success

Def. Mem. at 5-6 asks the Court to reduce the fees because plaintiff prevailed 100%, albeit on a single issue. As set forth above, none of her claims were frivolous and none were abandoned although some became moot when defendants abandoned the state court proceeding. Nor do defendants point out any time devoted to withdrawn claims, on either side.

Judge Arterton soundly rejected the "single issue" argument:

> Lastly, defendants argues that the lodestar figure should be reduced because "this case consisted of a technical violation contained in one letter sent to the plaintiff after her bankruptcy filing." Def. Opp. at 12. While a $23,421.00 attorney's fee award may appear high for a $ 1,500.00 settlement, this was, as plaintiff's counsel described, a "hard fought case." Pl. Mem. at 1. Moreover, in other FDCPA cases courts have awarded comparable attorney's fees where plaintiff recovered relatively minimal damages. See, e.g., Gradisher v. Check Enforcement Unit, 2003 U.S. Dist. LEXIS 753, 00-CV-401, 2003 WL 187416 (W.D. Mich. Jan. 22, 2003) (attorney's fees award of $ 69,872.00 where plaintiff recovered FDCPA statutory damages of $ 1,000.00); Armstrong v.

3

>Rose Law Firm, P.A., 2002 U.S. Dist. LEXIS 16867, 00-2287MJD/SRN, 2002 WL 31050583 (D. Minn. Sept. 5, 2002) (attorney's fee award of over $43,180.00 where plaintiff recovered the maximum FDCPA statutory damages of $ 1,000.00).

Goins v. JBC & Assocs., P.C., 2006 U.S. Dist. LEXIS 8717, 8-9 (D. Conn. Mar. 6, 2006).

The law is clear that a plaintiff can be compensated even for unsuccessful claims as long as they are based on the same facts or legal theories. The seminal case is Hensley v. Eckerhart, 461 U.S. 424 (1983). Hensley ruled that a fee request can be reduced where the plaintiff presented "distinctly different claims for relief that are based on different facts and legal theories." 461 U.S. at 434.  That is not the case herein. Plaintiff's claims were based on defendants' course of action relating to collection of her alleged debt. Therefore, as in Hensley, 461 U.S. at 435:

>the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. . . .In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. . . .Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.

Hensley, 461 U.S. at 440, ultimately held:

>Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claims should be excluded in considering the amount of a reasonable fee.  Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee award  reduced simply because the district court did not adopt each contention raised.

See also LeBlanc-Sternberg v. Fletcher, 143 F.3d 748 (2d Cir. 1998) (claims intertwined); Dominic v. Consolidated Edison Co., 822 F.2d 1249, 1259-60 (2d Cir. 1987) (fully compensatory fee proper where factual basis and legal theories same throughout); United States Football League v. National Football League, 887 F.2d 408, 415 (2d Cir. 1989) (common core of facts and law). The distinction made in Mary Beth G. v. Chicago, 723 F.2d 1263, 1279 (7th Cir. 1983), seems apt: "[A]n unsuccessful claim will be *un*related to a successful claim when the relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised." Plaintiff submits that, since all claims were based on the same underlying collection effort, no reduction should be made for "unsuccessful" claims.[1] The Second Circuit agrees. In Grant v. Martinez, 973 F.2d 96 (2d Cir. 1992), the plaintiffs settled for $60,000 and did not get all the relief they requested. The lodestar figure of $500,000 for the attorneys was upheld. The decision noted that burden of proof is on the party seeking any downward adjustment; and, a court can reject hours expended in unsuccessful claims only if those claims were wholly unrelated to successful claims. See also McCann v. Coughlin, 698 F.2d 112, 129-30 (2d Cir. 1983); Dominic v. Consolidated Edison Co., 822 F.2d 1249, 1259-60 (2d Cir. 1987); Dague v. City of Burlington, 935 F.2d 1343, 1358-59 (2d Cir. 1991), *reversed on other grounds*, 505 U.S. 557, 112 S. Ct. 2638 (1992) (district court did not abuse its

---

[1] Arguably, a reduction in plaintiff's fees, which correspondingly benefits defendants, would amount to Rule 11 sanctions, by the back door.

discretion in awarding full fee requested on all aspects of the case, although plaintiffs were unsuccessful on preliminary injunction and interlocutory appeal, some arguments failed, and some were not fee-generating).

Hourly rate

Defendants' opposition to plaintiff's fee application is unsupported by affidavit contradicting the plaintiff's affidavit as to the prevailing hourly market rate or the reasonableness of the time expended. Def. Mem. 7-8. They have thus waived any claim that the time expended or the hourly rate is unreasonable. Blum v. Stensen, 465 U.S. 886, 892 n.5 (1984); Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (a "district court cannot 'decrease a fee award based on factors not raised at all by the adverse party'"). Speculation about historic rates or rates in other states is not sufficient to meet defendants' burden.

> "Further, in order to provide adequate compensation where the services were performed many years before the award is made, the rates used by the court to calculate the lodestar should be 'current rather than historic hourly rates.'" *Gierlinger*, 160 F.3d at 882 (quoting *Missouri v. Jenkins*, 491 U.S. 274, 284, 105 L. Ed. 2d 229, 109 S. Ct. 2463 (1989)); see also *LeBlanc-Sternberg*, 143 F.3d at 764.

Tsombanidis v. City of West Haven, 208 F. Supp. 2d 263, 270 (D. Conn. 2002).

Travel Time

Defendants insisted on counsel's travel to Albany NY to take their deposition. Judge Arterton, and other courts in this district, do not discount travel time, as defendants request at Def. Mem. 8-9.

>Defendants argue that travel time should not be compensated, or if it is, should be compensated at 50% the attorney's usual rate. Courts in this district tend to award 100% compensation of travel time for trial, especially if counsel work on the case while traveling and if counsel obtain a successful outcome. See *Gonzalez v. Town of Stratford*, 830 F. Supp. 111, 115 (D. Conn. 1992) (reimbursing travel at usual hourly rate because counsel worked on case while traveling, and because attorneys incur "an opportunity cost that is equal to the fee [they] would have charged that or another client if [they] had not been traveling.") (internal citation and quotation marks omitted); *Rose v. Heintz*, 671 F. Supp. 901, 905 (D. Conn. 1987) (compensating some travel time at 50% usual rate, but allowing 100% of another's time due to few hours claimed and results achieved); *Broadnax v. City of New Haven*, 2004 U.S. Dist. LEXIS 3835, No. 3:98CV807 (WWE), 3:02CV123 (WWE), 2004 WL 491079, at *1 (D. Conn. Mar. 3, 2004) (awarding 12 hours' travel time to and from trial) ("Attorney travel time may be billed at 100% of the hourly rate when the hours are few, and the representation is able and successful.").

McInnis v. Town of Weston, 458 F. Supp. 2d 7, 21 (D. Conn. 2006) (JBA).

Vague entries

Defendant conclusorily asserts that several entries are vague. Def. Mem at 9. Plainly, the entries are understandable to plaintiff; if the Court wishes further explanation, plaintiff is willing to elucidate. The objecting party has the burden to challenge the claim for attorney fees with sufficient specificity to provide notice to the fee applicant the portion of the fee petition which must be defended. Bell v. United Princeton Prop., Inc., 884 F.2d 713, 715 (3d Cir. 1989)

Excessive, redundant, unnecessary time

Def. Mem. at 9 again conclusorily repeats the prior assertion that time was spent unnecessarily. Particularly ironic is the complaint about two hours spent on settlement offers!  "As any litigator or judge can attest, the best case is a settled case....In a very real sense, all of the parties -- and the court as an institution --

7

win when litigation is settled amicably short of trial." <u>Mathewson Corp. v. Allied Marine Ind., Inc</u>., 827 F.2d 850, 852, 857 (1st Cir. 1987).

Again, without specification, neither the Court nor the plaintiff can address defendants' other vague assertions.

<u>Costs</u>

Defendants do not dispute the costs; they simply seek receipts, bills, or invoices for mileage and other expenses, for the travel to Albany they insisted upon. The $250 for the filing fee is on the face of the Court's record; plaintiff could produce the $603 deposition bill, but it is well within the range of reason on its face. It is unbecoming for defendants to complain about the modest amount (less than half) charged for meals and hotel for the Albany trip that defendants insisted on! ("Clt travel" is Client travel from out of state to her own deposition.)

CONCLUSION

Defendants have not met their burden to challenge any aspect of plaintiff's fee application. Defendants should not be rewarded for their defense tactics by reducing plaintiff's fees they knowingly incurred in this fee shifting case. (Plaintiff will submit a supplemental application as to post-judgment matters at the conclusion of the case.)

    THE PLAINTIFF

    BY____/s/ Joanne S. Faulkner___
    JOANNE S. FAULKNER ct04137
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772-0395
    j.faulkner@snet.net

Certificate of Service

I hereby certify that on April 17, 2009, a copy of within was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

              ____/s/ Joanne S. Faulkner___