UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Janet Ellis,<br>        *Plaintiff*,<br><br>    v.<br><br>Solomon & Solomon, P.C., Julie S. Farina, and<br>Douglas Fisher,<br>        *Defendants*. | Civil No. 3:05cv1623 (JBA)<br><br><br>April 17, 2009 |

## RULING ON DEFENDANTS' MOTION TO
## ALTER OR AMEND JUDGMENT [Doc. # 95]

Plaintiff Janet Ellis brought suit against Defendants Solomon & Solomon, P.C., Julie S. Farina, and Douglas Fisher under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA" or "Act") for actions related to Defendants' debt-collection efforts on an outstanding credit card balance. Plaintiff's suit raised numerous claims under the FDCPA, and on February 23, 2009 the Court granted summary judgment to Plaintiff as to her claim that Defendants violated the Act by serving suit on her during the statutory validation period without explanation of its effect on Plaintiff's FDCPA rights, and declined to rule on her remaining claims in light of Plaintiff's counsel's representation "that upon the grant of summary judgment in her favor as to any claim, her remaining claims would be moot" since the statutory maximum damages of $1,000 was all that she sought and was awarded. (*See* Ruling on Summary Judgment [Doc. # 92] at 2, 12 & 14.) Judgment entered the next day and was served on the parties on February 26, 2009. (*See* Judgment [Doc. # 93].)

Defendants timely filed under Federal Rule of Civil Procedure 59(e) a Motion to Alter or Amend the Judgment [Doc. # 95] to indicate that in light of the Court's grant of summary judgment to Plaintiff on one of her claims and finding as moot her remaining claims, those remaining claims are deemed withdrawn.  Motions under Rule 59(e) are governed by the same standards as those governing motions for reconsideration, and may be granted only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir 1995); *Tweed-New Haven Airport Auth. v. Town of East Haven, Conn.*, No. 3:08cv597 (JCH), 2009 WL 113447, *2, 2009 U.S. Dist. LEXIS 3172, *6 (D. Conn. Jan. 15, 2009) ("A motion to amend a judgment under Rule 59 is decided under the same standard as a motion for reconsideration pursuant to Rule 59") (citing *Ass'n for Retarded Citizens of Conn., Inc. v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995)).

Plaintiff argues that Defendants "merely seek[] a ruling on additional issues that would have had to be tried to a jury had they not been mooted by entry of judgment in favor of [P]laintiff for the maximum statutory damages," and that because she received maximum statutory damages "[t]here is no money at stake, and therefore no case or controversy." (Pl.'s Mem. Opp'n [Doc. # 97] at 2.)  Plaintiff's opposition actually underscores the reason Defendants' motion should be granted.  Although "[a] party seeking to have a case dismissed as moot bears a heavy burden," *Lillbask ex rel. Mauclaire v. State of Conn. Dept. of Educ.*, 397

F.3d 77, 84 (2d Cir. 2005), "[w]hen the issues in dispute between the parties 'are no longer "live,"' a case becomes moot, and 'the court—whether trial, appellate, or Supreme—loses jurisdiction over the suit, which therefore must be dismissed,'" *id.* (citations omitted). Here, the parties do not dispute the Court's conclusion that in light of its grant of summary judgment to her on her claim of overshadowing, Plaintiff's remaining claims in this case are moot. Therefore these circumstances warrant dismissal of Plaintiff's remaining claims.

While Defendants' motion for summary judgment was denied as moot as to Plaintiff's claims other than the overshadowing claim, the Ruling could be read as leaving open the vitality of Plaintiff's remaining claims. While this reading is erroneous—as Plaintiff's opposition makes clear—it is nonetheless possible, and to ensure that the record in this case reflects that Plaintiff's remaining claims are now moot, Defendants' motion will be granted.

For the foregoing reasons, Defendants' Motion to Alter or Amend Judgment [Doc. # 95] is GRANTED. The Clerk is directed to amend the Judgment to state as follows: "Summary judgment is entered for Plaintiff in the amount of $1,000.00, in light of which Plaintiff's remaining claims are dismissed as moot."

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 17th day of April, 2009.