ELECTRONIC ENDORSEMENTS IN <u>ELLIS V. SOLOMON & SOLOMON, P.C.</u>, 05 CV 1623(JBA) on Dkts. ##118, 120 & 121

Familiarity is presumed with the Second Circuit's decision in mid-January 2010, which affirmed Judge Arterton's granting summary judgment in plaintiff's favor. <u>Ellis v. Solomon & Solomon, P.C.</u>, 591 F.3d 130 (2d Cir. 2010). (<u>See also</u> Dkt. #110). Judgment previously had been entered for plaintiff in mid-April 2009 in the amount of $1,000 (Dkts. ##104-05), in late October 2009 plaintiff's counsel was awarded attorney's fees in the amount of $34,720.00 and costs in the amount of $1,413.00, for an overall award of $36,133.00 (Dkt. #109), and in mid-March 2010, the parties agreed to additional attorney's fees and costs in the amount of $15,626.00 (Dkts. ##117, 119). On April 13, 2010, defendants filed for <u>certiorari</u> with the U.S. Supreme Court. No. 09-1241, 78 U.S.L.W. 3629.

Between the time of the Second Circuit's affirmance and the filing of defendants' <u>cert.</u> petition, three motions were filed with this court. First, on March 23, 2010, defendants filed a Motion for Extension of Time until April 28, 2010 (Dkt. #118) to respond to plaintiff's Rule 69 Discovery Requests. Second, on April 9, 2010, plaintiff filed her Motion to Compel Post Judgment Discovery (Dkt. #120), for "information about income and assets in order to enforce the February 2009 judgment," as to which defendants filed their brief in opposition on April 14, 2010 (Dkt. #124). And last, on April 9, 2010, defendants also filed a Motion to Stay and Order Allowing Defendants to Post a Cash Bond with the U.S. District Court (Dkt. #121), as to which plaintiff filed a Memorandum in Response (Dkt. #122), and defendants filed a reply brief four days later (Dkt. #123).

The <u>sole</u> issue at dispute in the Motion for Stay (Dkt. #121) is the amount of the bond, with defendants suggesting a cash bond posted with the Clerk's Office in the amount of $55,000, which "far exceeds" the $1,000 judgment and $51,759 in combined attorney's fees and costs. Plaintiff contends that this amount is inadequate because interest has been accruing on the $52,759 award of damages and fees since February 24, 2009 and plaintiff "is still incurring fees and costs." (Dkt. #122). As defense counsel has observed, plaintiff did not "propose an alternate amount," and apparently this amount was suggested by Judge Arterton during a status conference on February 25, 2010. (Dkt. #123, at 1). Defendants further dispute that plaintiff is entitled to interest on the attorney's fees, entered in October 2009, and the current paltry interest rate under 28 U.S.C. § 1961 yields only $337.66 in interest over the past year. (<u>Id.</u> at 1-2). Moreover, as defense counsel has pointed out, the post-March 2010 fees and costs are "unspecified," "uncertain," and have not been the subject of any motion. (<u>Id.</u> at 2).

Accordingly, defendants' Motion to Stay and Order Allowing Defendants to Post a Cash Bond with the U.S. District Court (Dkt. #121) <u>is granted in the amount of $55,000</u>; and defendants' Motion for Extension of Time (Dkt. #118) and plaintiff's Motion to Compel Post Judgment Discovery (Dkt. #120) <u>are denied without prejudice as moot</u>.